# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN WYNN | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 4:22-cv-779 |
| | ) | |
| v. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## BNSF RAILWAY COMPANY'S NOTICE OF REMOVAL

Defendant BNSF Railway Company ("BNSF"), by and through its undersigned counsel, submits its Notice of Removal to the United States District Court for the Western District of Missouri, Western Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and states as follows:

1. On August 18, 2022, Plaintiff, Stephen Wynn, a former BNSF employee, commenced this action against BNSF in the Circuit Court of Cass County, Missouri, Cause No. 22CA-CC00222. On October 19, 2022, the Cass County Court granted Plaintiff leave to amend his Petition. Plaintiff amended his Petition on November 17, 2022. Attached as Exhibit "A" is a true and correct copy of the *Plaintiff's Original Petition* and attached as Exhibit "B" are true and correct copies of the Order Granting Plaintiff Leave to File an Amended Petition and *Plaintiff's First Amended Petition*.

2. In *Plaintiff's First Amended Petition*, he asserts claims against BNSF based upon theories of negligence pursuant to 45 U.S.C. §51 et seq., the Federal Employers' Liability Act (the "FELA") and retaliation pursuant to 49 U.S.C. § 20109 (the Federal Railroad Safety Act or "FRSA"). *See* Ex. B at 4-9 ¶¶ 10-34.

3. Pursuant to the FELA, Plaintiff alleges that BNSF's negligent maintenance of its railroad track and property somewhere between Kansas City, Kansas to Wellington, Kansas, caused him to suffer severe whiplash when a train that he was working on hit a rough stretch of track (the "FELA Claim"). *Id*. at 4-7 ¶¶10-26. Pursuant to the FRSA, Plaintiff alleges that BNSF retaliated against him by terminating his employment for reporting an on-duty injury and unsafe working conditions (the "FRSA Claim"). *Id*. at 8-9 ¶¶ 27-34. Removal of Plaintiff's entire action is governed by 28 U.S.C. §§1331 and 1441(c).

## THIS COURT HAS FEDERAL-QUESTION JURISDICTION OVER THE FRSA CLAIM

4. Federal-question jurisdiction exists if a plaintiff's cause of action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. A civil action filed in state court may be removed to federal court if it "aris[es] under . . . laws . . . of the United States." *See* 28 U.S.C. § 1441(b); 28 U.S.C. § 1331. "[W]hether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).

5. Accordingly, federal-question jurisdiction is proper when a plaintiff presents a federal question on the face of his well-pleaded complaint. *Gillenwater v. Burlington N. and Santa Fe Ry. Co.*, 481 F. Supp. 2d 998, 1002 (E.D. Mo. 2007) (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)). Plaintiff is the master of his claim; in other words, he controls the context and substance of his allegations, thereby effectively determining the removability of his case. *Caterpillar*, 482 U.S. at 392 and n.7.

6. The *First Amended Petition* asserts a claim pursuant to the FRSA. *See* Ex. B at 8-9 ¶¶ 27-34. Specifically, in pleading that he "was retaliated against by [BNSF] for the protected activity of reporting an on-duty injury as well as unsafe working conditions pursuant to 49 U.S.C.

§20109(a)(4)," Plaintiff asserted a claim under the provisions and remedies of federal law. *Id*. at 8 ¶ 28. Consequently, Plaintiff pled a federal question on the face of his *First Amended Petition*. 28 U.S.C. § 1441(b); 28 U.S.C. § 1331; *Merrell Dow Pharms. Inc.*, 478 U.S. at 808; *Gillenwater*, 481 F. Supp. 2d 9 at 1002 (citing *Caterpillar*, 482 U.S. at 392).

7. Plaintiff's intentional pleading of a federal question under the FRSA is further evidenced by his allegation that "Defendant's actions constitute unlawful retaliation against Plaintiff in violation of 49 U.S.C. §20109(a)(4)" and his direct invocation of several other sections of the FRSA as remedies for his alleged injuries. *See* Ex. B at 9 ¶¶ 32, 34(1)-(6). Therefore, considering Plaintiff's exclusive control over how his allegations are plead, the context of his allegations, and his invocation of the protections and remedies under the FRSA, this Court has federal-question jurisdiction over Plaintiff's FRSA claim because Plaintiff presented "well-pleaded" allegations that arise under the FRSA—a law of the United States. *See Id*. at 8-9 ¶¶ 27-34; 28 U.S.C. § 1441(b); 28 U.S.C. § 1331; *Merrell Dow Pharms. Inc.*, 478 U.S. at 808; *Gillenwater*, 481 F. Supp. 2d 9 at 1002 (citing *Caterpillar*, 482 U.S. at 392).

## THIS COURT MUST SEVER AND REMAND THE FELA CLAIM AND RETAIN THE FRSA CLAIM

8. Federal and state courts have concurrent jurisdiction on FELA claims. *See Lancaster v. Norfolk & W. Ry. Co.,* 773 F.2d 807, 812 (7th Cir. 1985). Generally, FELA claims are not removable once a plaintiff files a FELA claim in state court. 28 U.S.C. §1445(a) (prohibiting removal of any civil action based on 45 U.S.C. §§51-60); *Burnett v. N.Y. Cent. R.R. Co.,* 380 U.S. 424, 434 (1965) ("Congress, in . . . prohibiting removal of FELA cases to federal courts, has sought to protect the plaintiff's right to bring a FELA action in a state court."); *LaDuke v. Burlington N. R. Co.,* 879 F.2d 1556, 1561 & n.9 (7th Cir. 1989); *Carrillo v. CSX Transp., Inc.*, No. 3:13-CV-01039-CRS, 2014 U.S. Dist. LEXIS 71667, at *5-6 (W.D. Ky. May 23, 2014).

9. However, the *First Amended Petition* includes an FRSA claim along with plaintiff's original FELA claim. Section 1441(c) applies where, as here, the plaintiff's complaint includes both a nonremovable and a removable claim. Specifically, Section 1441(c) states that if a plaintiff's action includes "a claim that has been made nonremovable by statute, the entire action may be removed" if Plaintiff's action is removable without the inclusion of the nonremovable claim. *See* 28 U.S.C. §1441(c)(1)(B). Considering that the *First Amended Petition* includes a claim made nonremovable by statute — *e.g.* a FELA claim first filed in state court — and the entire case would otherwise be removable because of the FRSA claim absent the presence of the FELA claim, 28 U.S.C. §1441(c) governs removal of this case and allows for the entire action to be removed. *Id.*

10. In 1990, Congress amended 28 U.S.C. §1441(c) and eliminated its application to cases within a district court's diversity jurisdiction; instead, Congress permitted removal "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by [federal question jurisdiction] is joined with one or more otherwise nonremovable claims or causes of action." 28 U.S.C. §1441(c) (1990). In 2011, Congress removed the "separate and independent" language altogether and, effective 2012, Section 1441(c) no longer permits a district court to hear the entire case removed but instead requires severance and remand of the joined claim "that has been made nonremovable by statute."

11. Simply stated, Plaintiff's entire action is properly removable to this Court, and the non-removable-by-statute FELA claim must be severed and remanded to state court. *See* 28 U.S.C. §§1441(c)(1)(B) and 1441(c)(2). Indeed, as noted in *Sherman v. Union Pac. R.R. Co.*, No. H-13-3470, 2014 U.S. Dist. LEXIS 194155, at *3 (S.D. Tex. Feb. 25, 2014):

> Despite Section 1445(a)'s proscription on the removability of FELA claims, a civil action that includes both claims "arising under the Constitution, laws, or treaties of

the United States" and FELA claims may be removed to federal court. 28 U.S.C. §1441(c)(1). After removal, however, "the district court shall sever from the action all claims described in [28 U.S.C. § 1441(c)(1)(B)] and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. §1441(c)(2). Thus, under Section 1441(c)(2), the Court is required to sever Plaintiff's FELA claim, since that claim is made non-removable by Section 1445(a).

*Id*. Therefore, removal of this entire action is proper, as in *Sherman*, because the *First Amended Petition* includes a claim arising under federal law—the FRSA claim—and a claim that is non-removable by statute—the FELA claim. *Id*. Accordingly, after removal, the FELA claim must be severed and remanded to the Circuit Court of Cass County, Missouri. *Id*. However, this Court must retain federal question jurisdiction over the FRSA claim. *Id*.

## BNSF'S NOTICE OF REMOVAL IS TIMELY

12. If a case stated by an initial pleading is not removable, then a defendant may file a notice of removal within thirty days of receiving plaintiff's amended pleading. 28 U.S.C. §1441(b)(3).

13. Plaintiff's Original Petition included the FELA Claim and a state-law workers' compensation retaliation claim. *See* Ex. A at ¶¶ 10-33. Plaintiff's Original Petition was not removable. *Id*.; 28 U.S.C. §1445(a); *LaDuke,* 879 F.2d at 1561 & n.9; *Carrillo*, No. 3:13-CV-01039-CRS, 2014 U.S. Dist. LEXIS 71667, at *5-6.

14. On November 17, 2022, Plaintiff filed the *First Amended Petition*, which included the original FELA Claim, dropped the state-law workers' compensation retaliation claim, and added a claim for retaliation under the FRSA. *See* Ex. B at 8-9 ¶¶ 27-34. The addition of the FRSA Claim in *Plaintiff's First Amended Petition* triggered the provisions of 28 U.S.C. §§ 1331 and 1441(c) that allow for removal of Plaintiff's this action but require the severance and remand of the FELA claim after removal. *Sherman*, No. H-13-3470, 2014 U.S. Dist. LEXIS 194155, at *3.

15. Plaintiff filed his *First Amended Petition* on November 17, 2022, which included the new retaliation claim under the FRSA. Accordingly, BNSF's Notice of Removal is timely pursuant to

28 U.S.C. §1446(b)(3) because BNSF filed its Notice of Removal within thirty days of the filing of the *First Amended Petition*.

## BNSF HAS COMPLIED WITH ALL OTHER REQUIREMENTS

16. Pursuant to 28 U.S.C. §1446(d), BNSF served Plaintiff with a Notice of Filing its Notice of Removal and a copy of this Notice of Removal was filed with the clerk of the Circuit Court of Cass County, Missouri. A true and correct copy of Defendant BNSF's Notice of Filing of Notice of Removal is attached as Exhibit "C."

17. Pursuant to 28 U.S.C. §1446(a), a copy of the following process, pleadings, and orders that were served upon the Defendant or filed in the state court action are attached as follows:

> **Exhibit A**  Plaintiff's Original Petition,
> **Exhibit B**  Order Granting Plaintiff Leave to File an Amended Petition & Plaintiff's First Amended Petition,
> **Exhibit C**  Defendant BNSF's Notice of Filing of Notice of Removal with Cass County, and
> **Exhibit D**  Copy of all filings in the Cass County Action.

18. Pursuant to 28 U.S.C. §1441(a), a party must file a Notice of Removal in the United States District Court embracing the location where the lawsuit was originally filed. Plaintiff's lawsuit was originally filed and is currently pending in Cass County, Missouri. Cass County is located within the United States District Court's Western District of Missouri's Western Division. Accordingly, BNSF files its Notice of Removal of Plaintiff's entire action in the United States District Court for the Western District of Missouri's Western Division, which encompasses Cass County, Missouri. 28 U.S.C. §1441(a).

DATED THIS 28th day of November 2022.

Respectfully submitted,

**KNIGHT NICASTRO MACKAY, LLC,**

*/s/Chad M. Knight*
Chad M. Knight　　MO Bar #68627
304 W. 10th Street
Kansas City, MO 64105
(816) 396-0161
(816) 396-6233 [facsimile]
knight@knightnicastro.com

**OGLETREE, DEAKINS, NASH, SMOAK, & STEWART, P.C.,**

*/s/Daniel P. Johnson*
Daniel P. Johnson　　MO Bar #68966
4520 Main Street, Suite 400
Kansas City, MO 64111
(816) 471-1301
(816) 471-1303 [facsimile]
daniel.johnson@ogletreedeakins.com
***ATTORNEYS FOR BNSF RAILWAY CO.***

# CERTIFICATE OF SERVICE

I hereby certify on the 28th day of November 2022 a true and correct electronic copy of the foregoing was sent to all registered counsel of record.

Cross Law Firm, LLC
Gerald Lee Cross, Jr
8001 Conser Street, Suite 280
Overland Park, KS 66204
lcross@cross-lawfirm.com
*ATTORNEY FOR PLAINTIFF*

> */s/ Chad M. Knight*
> Chad M. Knight